1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10  RICHARD MARTEL,

11              Plaintiff,                    No. CIV S-11-0509 JAM EFB PS

12         vs.

13  FRANK CADJEW and JULIE CADJEW,

14              Defendants.                   ORDER

15  _____/

16         This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to

17  Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  Pending before

18  the undersigned is defendants' motion to strike portions of plaintiff's complaint and first

19  amended complaint.  Dckt. No. 9.  For the reasons stated herein, the motion to strike is denied in

20  part and granted in part.

21  I.     Background

22         In February 2011, plaintiff Richard Martel filed a complaint against defendants Frank

23  and Julie Cadjew, alleging claims for aggravated false imprisonment, assault, battery, and

24  intentional infliction of emotional distress.  Dckt. No. 1.  On April 7, 2011, defendants filed a

25  motion to quash service of the summons and complaint and to dismiss for insufficient service of

26  process.  Dckt. No. 5.  However, on April 18, 2011, plaintiff filed a first amended complaint;

1

1   thereafter, defendants withdrew their motion to quash.  Dckt. Nos. 7, 8.  The first amended

2   complaint alleges claims for false imprisonment, assault, battery, intentional infliction of

3   emotional distress, and violation of California Civil Code section 52.1.  Dckt. No. 7.

4        Specifically, the first amended complaint alleges, among other things, that on September

5   26, 2010, plaintiff and two companions were walking along the old state highway 37 between

6   Donner Summit and Donner Lake when they encountered defendants, who approached plaintiff

7   and his companions, informed them that they were on a private road on defendants' private

8   property, and directed that they leave.  *Id.* ¶¶ 11-15.  Plaintiff alleges that Frank Cadjew yelled at

9   him "in threatening, abusive, profane, and obscene language and never stopped," threatened him,

10  and assaulted him by "forcefully shov[ing] the front of his boot into the gravel, sand, and rock

11  roadbed, causing gravel, sand, and rocks to fly up and hit Plaintiff in the face."  *Id.* ¶¶ 16-18.

12  Plaintiff further alleges that defendants ordered plaintiff and his companions to follow

13  defendants "down the hill" and off defendants' property.  *Id.* ¶¶ 25-32.  Plaintiff contends that

14  defendants "knew, and have known for years, that they have no legal basis for claiming any

15  ownership of the county road, but rather use threats and violence to keep the public off the road."

16  *Id.* ¶ 34.

17  II.   Motion to Strike

18       Defendants now move to strike portions of plaintiff's complaint and first amended

19  complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(f).  Dckt. No. 9.  Plaintiff

20  opposes the motion.  Dckt. No. 10.

21       A.   Standards

22       Rule 12(f) authorizes the court to order stricken from any pleading "any redundant,

23  immaterial, impertinent, or scandalous matter."  A matter is immaterial if it "has no essential or

24  important relationship to the claim for relief or the defenses being pleaded."  *Fantasy, Inc. v.*

25  *Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by 510 U.S. 517 (1994).

26  A matter is impertinent if it consists of statements that do not pertain to and are not necessary to

2

the issues in question.  *Id.*  Redundant matter is defined as allegations that "constitute a needless repetition of other averments or are foreign to the issue."  *Thornton v. Solutionone Cleaning Concepts, Inc*., 2007 WL 210586 (E.D. Cal. Jan. 26, 2007) (citing *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005)).  Finally, a matter is scandalous if it improperly casts a derogatory light on a party or other person.  *Skadegaard v. Farrell,* 578 F. Supp. 1209, 1221 (D.N.J. 1984); *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 665 (7th Cir. 1992). As with motions to dismiss for failure to state a claim, when ruling upon a motion to strike, the court must view the pleading under attack in the light more favorable to the pleader.  *Lazar v. Trans Union LLC,* 195 F.R.D. 665, 669 (C.D. Cal. 2000); *Multimedia Patent Trust v. Microsoft Corp*., 525 F. Supp.2d 1200, 1207 (S.D. Cal. 2007).

Motions to strike are generally disfavored and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties.  *See* 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d 1380; *see also Hanna v. Lane*, 610 F. Supp. 32, 34 (N.D. Ill. 1985).  However, granting a motion to strike may be proper if it will make trial less complicated or eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues.  *Fantasy*, 984 F.2d at 1527-28.

If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits.  *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010); *see also* 5A Wright & Miller, *supra*, at 1380.  *Whittlestone* emphasized the distinction between Rule 12(f) and Rule 12(b)(6) and noted that if Rule 12(f) were to be read "in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . . we would be creating redundancies within the Federal Rules of Civil Procedure."  *Id.* at 976; *see also Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977) ("Rule 12(f) is neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.").

////

B.     Discussion

Defendants argue that although plaintiff's complaint is based on an alleged incident that occurred on defendants' land on September 26, 2010, plaintiff "has polluted his pleadings with vague references to unrelated matters that allegedly occurred in 2006 and other pejorative matter that is immaterial, impertinent and scandalous, to such a degree that relief is appropriate under [Rule] 12(f)." Dckt. No. 9-1 at 2. Defendants contend that the objectionable matter in plaintiff's pleadings "harbors the potential to harm [defendants] and other persons, and to confuse both this Court and a jury with unrelated and hearsay recitations of superfluous historical allegations." *Id.* Defendants contends that they are "at risk of prejudice by the possibility that Plaintiff will attempt to display the offensive pleading to a jury or otherwise publish the pleading." *Id.* Finally, defendants note that "the objectionable matter is neither alleged upon the personal knowledge of Plaintiff, nor properly premised upon information and belief." *Id.*

Specifically, defendants contend that paragraphs 6 through 10 of plaintiff's complaint and first amended complaint are immaterial, impertinent, and scandalous. *Id.* at 4. They argue that paragraphs 6 through 10, which allege generally that in 2006 defendants, with the help of two recently elected Nevada County Supervisors, unsuccessfully attempted to obtain legal title to the county road at issue, are "superfluous historical allegations" and "unnecessary particulars," and should therefore be stricken as immaterial since nothing that is alleged to have transpired in 2006 is material or pertinent to plaintiff's claims of being assaulted, battered by debris, or otherwise injured on September 26, 2010 by individuals he met for the first time on that day. *Id.* Defendants also argue that paragraphs 6 through 10 are "scandalous in that they improperly 'cast a cruelly derogatory light on a party and other person.'" *Id.* Defendants contend that "[t]he overall theme of paragraphs 6-10 is to denigrate [defendants], who owned undeveloped, forested acreage for 24 years, as secret and sinister real estate developers, maneuvering and conspiring with politicians and government officials to posture the property for development and exploitation" and that such "derogatory comments have no relevance or place in a pleading on

file with this Court." *Id.*

Defendants also seek to strike as impertinent and immaterial the second sentence of paragraph 33, in which plaintiff alleges that a police officer who came out to take plaintiff's report after the incident told plaintiff that Frank Cadjew's conduct amounted to both assault and battery, and all of paragraph 34, in which plaintiff alleges that defendants did not file a trespassing complaint as they threatened to do, evidencing defendants' knowledge that they had no legal basis for claiming ownership in the county road.  Defendants argue that "[t]he prejudicial impact of allowing any such irrelevant, conclusory and inadmissible hearsay statements to remain in a pleading that Plaintiff may attempt to show a jury is readily apparent." *Id*. at 6.

Defendants also seek to strike as impertinent, immaterial, and scandalous, the second sentence of paragraph 49 of the complaint and paragraph 55 of the first amended complaint, in which plaintiff alleges that both defendants are "violent and unstable" man" and that "this incident is only one of many, including many in which Frank Cadjew held a rifle or chainsaw to law-abiding citizens and their young children, while using disgusting obscene and threatening language and kidnapping them in his vehicles with his rifle sitting on the seat between him and the children." *Id*.

Finally, defendants move to strike paragraph 4 of each pleading, in which plaintiff states that he anticipates adding additional defendants and causes of action and will, at that time, request leave of court to add those defendants (listed in the first amended complaint as Does 1-20) and/or causes of action.  *Id.*  Defendants contend that the paragraphs are impertinent and immaterial because Doe defendants are inappropriate in this action.  *Id.*

Plaintiff opposes the motion, arguing that the challenged portions of the complaint "are highly relevant to the litigation."  Dckt. No. 10 at 3.  Specifically, plaintiff contends that paragraphs 6 through 10 "provide important understanding of the historical background and context for this lawsuit," which "is necessary to show that defendants were well aware of the

1    legal status of the old state/county road and the public's right to use it, thus negating defendants'

2    fraudulent argument . . . that they had a right to order plaintiff off the road and also allowed

3    them to commit violence against plaintiff." *Id.* "It also illustrates the defendants' blatant

4    contempt of the legal ruling by Caltrans in 2006 and their contempt for the public and the law,

5    while intimidating the public by dropping names of three public officials who sided with

6    defendants." *Id.* Plaintiff also argues that the newspaper articles in paragraph 8 are very

7    relevant and necessary "to show the state of mind of Defendant Frank Cadjew as he was quoted

8    in the newspaper," including "what he knew and when he knew it concerning his lack of

9    ownership of the old road." *Id.* at 4.

10        Paragraphs 6 through 10 of plaintiff's first amended complaint allege that in 2006

11   defendants, with the help of two recently elected Nevada County Supervisors who engaged in

12   dishonest and misleading conduct, unsuccessfully attempted to obtain legal title to the county

13   road at issue. Dckt. No. 7, ¶¶ 6-8. The paragraphs also allege that despite their "defeat,"

14   defendants "continued to make their absurd and fraudulent claim of ownership of the road and

15   threatened and harassed many people hiking on the road since March 2006." *Id.* ¶ 9. Plaintiff

16   refers to defendants as "outlaws" and alleges that "[d]efendants were lucky in that none of their

17   many victims filed police reports or sued them for their illegal actions." *Id.* ¶¶ 9, 10. Although

18   defendants argue that the allegations in paragraphs 6 through 10 are "superfluous historical

19   allegations" and "unnecessary particulars," and that the overall theme of paragraphs 6 through 10

20   is to denigrate defendants, paragraphs 6 through 10 do provide a context for plaintiff's lawsuit

21   and reflect on defendants' knowledge and awareness regarding the legal status of the road on

22   which the incident occurred. Where allegations, when read with the complaint as a whole, give a

23   full understanding thereof, they need not be stricken. *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814

24   F. Supp. 820, 830 (N.D. Cal. 1992). Also, although defendants contend that they are "at risk of

25   prejudice by the possibility that Plaintiff will attempt to display the offensive pleading to a jury

26   or otherwise publish the pleading," as plaintiff notes, the "complaint is very unlikely to be used

as a jury exhibit" and "defendants may move to exclude evidence of the statements, if appropriate, at a later stage of the litigation." Dckt. No. 10 at 5.  At this stage, the court is unable to conclude that paragraphs 6 through 10 are irrelevant, immaterial, impertinent, or scandalous, as defendants contend.  Therefore, defendants' motion to strike those paragraphs will be denied.

The second sentence of paragraph 33 of plaintiff's first amended complaint alleges that a police officer who came out to take plaintiff's report after the incident told plaintiff that Frank Cadjew's conduct amounted to both assault and battery.  Dckt. No. 7, ¶ 33.  Paragraph 34 alleges that defendants did not file a trespassing complaint as they threatened to do, evidencing defendants' knowledge that they had no legal basis for claiming ownership in the county road. *Id.* ¶ 34.  Although defendants contend that the paragraphs are irrelevant, conclusory and inadmissible hearsay statements and that there will be a significant risk of prejudice to defendants if those paragraphs are not stricken since plaintiff may attempt to show the complaint to a jury, once again, the allegations provide a context for plaintiff's lawsuit and reflect on defendants' knowledge and awareness regarding the legal status of the road on which the incident occurred.  Clearly, defendants dispute the allegations.  At trial, or in appropriate in limine motions it will be determined what testimony and evidence is presented to the jury. However, simply because defendants adamantly deny the allegations of the complaint is not a legally grounded reason to strike those allegations.   The court is unable to conclude that the paragraphs at issue are irrelevant, immaterial, impertinent, or scandalous, and defendants' motion to strike those paragraphs will be denied.

The second sentence of paragraph 49 of the complaint and paragraph 55 of the first amended complaint alleges that plaintiff "will provide witnesses at trial who will describe their own encounters with this violent and unstable man, Defendant Frank Cadjew, and nearly equally violent and unstable woman, Julie Cadjew, to show that this incident is only one of many, including many in which Frank Cadjew held a rifle or chainsaw to law-abiding citizens and their young children, while using disgusting obscene and threatening language and kidnapping them

in his vehicles with his rifle sitting on the seat between him and the children."  Dckt. No. 7, ¶ 55.
Although those allegations certainly attack defendants' character, they are alleged to support
plaintiffs' claim for punitive damages.  Defendants dispute the truthfulness of these allegations,
but the dispute itself is not a basis for striking them.  Because the court cannot say at this time
that the allegations are irrelevant, impertinent, immaterial, or scandalous, defendants' motion to
strike those allegations is denied.

Finally, in paragraph 4, plaintiff states that as discovery progresses, he anticipates adding
additional defendants and causes of action and will, at that time, request leave of court to add
those defendants (listed in the first amended complaint as Does 1-20) and/or causes of action.
*Id.* Defendants move to strike that paragraph as impertinent and immaterial because Doe
defendants are inappropriate in this action.  The use of Doe Defendants in federal court is
problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately
unnecessary.[1]  Should plaintiff learn through discovery the identities of parties he wishes to
serve, he must promptly move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file
an amended complaint to add them as defendants.  *See Brass v. County of Los Angeles*, 328 F.3d
1192, 1197-98 (9th Cir. 2003).  If the timing of his amended complaint raises questions as to the
statute of limitations, plaintiff must satisfy the requirements of Rule 15(c).  Rule 15(c), not the
state practice of Doe pleading, is the controlling procedure for adding defendants who identities
were discovered after commencement of the action.  Therefore, while plaintiff may seek to
amend his first amended complaint to add the presently unknown parties pursuant to Federal
Rule of Civil Procedure 15, the inclusion of Doe defendants in the first amended complaint is
inappropriate.  Accordingly, defendants' motion to strike plaintiff's references to Doe defendants
is granted.  *See Graziose v. Am. Home Products Corp.*, 202 F.R.D. 638, 643 (D. Nev. 2001).

---

[1] "As a general rule, the use of fictitious Doe defendants is not favored in federal court."
*Newman v. San Joaquin Delta Community College Dist.*, 2010 WL 3633737, at *2 (E.D. Cal.
Sept. 14, 2010); *Turner v. County of Los Angeles*, 18 Fed. App'x 592, 596 (9th Cir. 2001)).

III.     Conclusion

        Accordingly, IT IS HEREBY ORDERED that defendants' motion to strike plaintiff's references to Doe defendants in plaintiff's first amended complaint is granted.  The remainder of defendants' motion to strike, Dckt. No. 9, is denied.

Dated:  September 20, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE